# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JUDYANN ROSADO,

        Plaintiff,

v.                                Case No. 8:22-cv-493-JRK

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant.

_____/

## OPINION AND ORDER[1]

### I.   Status

Judyann Rosado ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of having insulin-dependent Diabetes Type II, neuropathy in her arms and legs, carpal tunnel syndrome, migraines, limited mobility with standing and walking, severe nerve damage and muscle spasms, chronic pain, obstructive sleep apnea, high blood pressure and cholesterol, anxiety, and depression. Transcript of Administrative

---

[1]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed April 28, 2022; Reference Order (Doc. No. 14), signed April 28, 2022 and entered May 2, 2022.

Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed April 28, 2022, at 73-74, 83-84, 105, 125, 332.

On November 13, 2019, Plaintiff protectively filed applications for DIB and SSI, alleging in both applications a disability onset date of February 16, 2019. Tr. at 303-04, 312-13 (DIB and duplicate), 305-11 (SSI).[2] The applications were denied initially, Tr. at 73-82, 93, 98, 100, 160-66 (DIB); Tr. at 83-92, 94, 95, 97, 167-73 (SSI), and upon reconsideration, Tr. at 124-43, 144, 146-48, 199-218 (DIB); Tr. at 104-23, 145, 149-52, 178-98 (SSI).[3]

On March 11, 2021, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by a non-attorney representative, and a vocational expert ("VE").[4] Tr. at 39-72. On June 3, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-22.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by Plaintiff's representative in support

---

[2]     The DIB and SSI applications were actually completed on November 14, 2019 and December 4, 2019, respectively. Tr. at 303 (DIB), 305 (SSI). The protective filing date for both the DIB and SSI applications is listed elsewhere in the administrative transcript as November 13, 2019. Tr. at 73, 124 (DIB), 83, 104 (SSI). The administrative transcript also contains earlier-dated applications for DIB, Tr. at 294-99, that are not at issue here.

[3]     Some of the cited documents are duplicates.

[4]     The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. Tr. at 43-44, 278-80.

of the request. Tr. at 4-5 (Appeals Council exhibit list and order), 291-93 (request for review), 396 (brief). On January 5, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On March 1, 2022, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

There is one issue on appeal: "[w]hether the ALJ erred by failing to evaluate the medical opinion evidence in accordance with SSA policy and Eleventh Circuit precedent." Plaintiff's Memorandum - Social Security (Doc. No. 15; "Pl.'s Mem."), filed June 13, 2022, at 1, 4 (emphasis omitted). On July 6, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 16; "Def.'s Mem.") addressing the issue raised by Plaintiff. Then, as permitted, on July 26, 2022, Plaintiff's Reply Brief - Social Security (Doc. No. 19; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must

---

[5]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

(Continued…)

follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 13-21. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since February 16, 2019, the alleged onset date." Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: diabetes mellitus, anxiety, depression, headaches, and carpal tunnel syndrome." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the

_____

to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except she is limited to frequent operation of foot controls; occasional climbing of ladders, ropes, or scaffolds; frequent climbing of ramps and stairs; frequent reaching, handling, and fingering bilaterally. [Plaintiff] is reduced to moderate noise as defined by the D.O.T. [(Dictionary of Occupational Titles)] and S.C.O. [(Selected Characteristics of Occupations). Plaintiff] is to avoid concentrated exposure to vibration, fumes, odors, dusts, gases, and pulmonary irritants. [Plaintiff] is limited to low-stress work and so is precluded from work that requires arbitration, negotiation, confrontation, conflict resolution and directing the work of others or being responsible for the safety and welfare of others as the primary function of the job.

Tr. at 15 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "leasing agent" and a "nursery school attendant," Tr. at 20 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 20-21. After considering Plaintiff's age ("42 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 20, such as "Cleaner/Housekeeper," "Marker,"

and "Small Products Assembler." Tr. at 21 (some emphasis omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from February 16, 2019, through the date of th[e D]ecision." Tr. at 21 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is

supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in evaluating the opinions of Eric Breuggeman, D.P.M., her treating podiatrist, and Hassan Bitar, M.D., who treated her mainly in relation to her neuropathy and carpal tunnel syndrome.[6] Pl.'s Mem. at 7-16; <u>see</u> Reply at 1-3. According to Plaintiff, both opinions are consistent with the evidence, Pl.'s Mem. at 10-11, and the ALJ's findings regarding the opinions are not supported, <u>id.</u> at 12-16. Responding, Defendant asserts the ALJ properly addressed the opinions and supported his findings with the required explanation. Def.'s Mem. at 6-16.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. <u>See</u> <u>Revisions to Rules Regarding the Evaluation of Medical Evidence</u>, 82 Fed. Reg. 5844, 5844 (January 18, 2017); <u>see also</u> 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about

---

[6]       Plaintiff also summarizes the opinions of state-agency medical consultants and the ALJ's findings on these opinions. Pl.'s Mem. at 6-7, 11-12. But, Plaintiff does not assign any alleged points of error to these state-agency opinions. <u>See</u> <u>id.</u>

what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[7] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity

---

[7]     Plaintiff filed her DIB and SSI applications after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[8]

Here, relevant to the issue on appeal, Dr. Breuggeman rendered an opinion on February 25, 2021 regarding Plaintiff's functional limitations that, if accepted, would preclude all work. Tr. at 870-73. Dr. Bitar rendered an opinion on March 1, 2021 regarding Plaintiff's functional limitations that, if accepted, would also preclude all work. Tr. at 935-39.

In the Decision, the ALJ addressed Dr. Breuggeman's opinion as follows:

> I am aware of the opinion of podiatrist Eric
> Breugge[]man, DPM, who opined that [Plaintiff's] pain
> is severe enough to constantly interfere with attention

---

[8]     When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

and concentration need[ed] to perform even simple work tasks. [Plaintiff] can sit for less than two hours and stand/walk for a total of two hours during an eight-hour day. [Plaintiff] will need to take unscheduled breaks approximately every one to two hours during the course of an eight-hour workday, with each break lasting on average 20 to 30 minutes. [Plaintiff] can rarely lift up to 10 pounds and never lift 20 pounds or more. No significant limitations with reaching, handling, or fingering were identified. [Plaintiff's] impairments require her to lie down for up to one hour during the course of an eight-hour time period. [Plaintiff] would be expected to be absent from work more than four days per month as a result of her impairments or treatment   Despite being partially supported with treatment notes, I note that this opinion is internally inconsistent and contradictory. Specifically, Dr. Breugge[]man indicated that [Plaintiff] is able to sit for less than two hours and stand/walk for less than two hours during an eight-hour workday, suggesting that [Plaintiff] will need to lie down the remainder of the workday of more than four hours. However, Dr. Breugge[]man specifically indicated that [Plaintiff] would need to lie down for up to one hour during an eight-hour day. Additionally, Dr. Breugge[]man's opinion is inconsistent with [Plaintiff's] own allegations, as she never indicates such a need to lie down. Furthermore, this opinion is inconsistent with [Plaintiff's] generally unremarkable physical examinations, which indicated that she has normal gait, stability, and range of motion in her extremities. Accordingly, I am not persuaded by the opinion of Dr. Breugge[]man.

Tr. at 18-19 (citations omitted).

Despite Plaintiff's argument to the contrary, this explanation is sufficient and supported by substantial evidence. The ALJ recognized in accordance with the Regulations that treatment notes "partially support[]" Dr. Breuggeman's

opinion, but accurately found it was internally inconsistent and contradictory. Tr. at 18. Plaintiff challenges the ALJ's finding that Dr. Breuggeman's opinion suggests Plaintiff would need to lie down for the remainder of the day after only being able to stand/walk less than two hours. See Pl.'s Mem. at 12; Tr. at 871 (relevant portion of opinion). But this was a reasonable interpretation of Dr. Breuggeman's indication that Plaintiff "can sit and stand/walk" for "less than two hours" in "*total in an 8-hour working day* (with normal breaks)." Tr. at 871. As the ALJ recognized, this indication is contrary to Dr. Breuggman's statement on another portion of the form that Plaintiff would need to lie down 0-1 hours in an 8-hour period. Tr. at 18; see Tr. at 872.

Plaintiff also challenges the ALJ's reliance on examinations showing normal gait, stability, and range of motion in her extremities, arguing the ALJ "failed to explain how Dr. Breuggeman's opinion was not consistent with and supported by the abnormal examination findings confirmed in the record." Pl.'s Mem. at 13. The observations by the ALJ in this regard, however, were accurate. See, e.g., Tr. at 476, 478, 482, 483-84, 486, 526, 528, 707, 709, 735, 905. The observations also were not made in a vacuum: the ALJ also relied upon Plaintiff's own allegations in ultimately finding Dr. Breuggeman's opinion unpersuasive. See Tr. at 18. The ALJ did not reversibly err.

With respect to Dr. Bitar's opinion, the ALJ wrote:

> I note the opinion of primary provider Hassan Bitar, M.D., who indicated that [Plaintiff's] impairments are severe enough to constantly interfere with attention and concentration. [Plaintiff] can sit for less than two hours and stand/walk for a total of two hours during an eight-hour day. [Plaintiff] will need to take unscheduled breaks every hour during the course of an eight-hour workday, with each break lasting on average 10 to 15 minutes. [Plaintiff] can rarely lift less than 10 pounds and never lift more than 10 pounds. [Plaintiff] has significant limitations with reaching, handling, or fingering, as she can rarely perform such activities. [Plaintiff] would be expected to be absent from work more than four days per month. She requires the need to lie down for four hours during the course of an eight-hour time period. However, this opinion lacks support, as Dr. Bitar's own records do not support the severity of such limitations, given Dr. Bitar's mostly unremarkable physical examination findings. Furthermore, Dr. Bitar's based his "poor" prognosis and [Plaintiff's] "severe" symptoms on the results of a nerve test. However, Dr. Bitar's treatment records from February 2021 indicated that there was electrophysiologic evidence for carpal tunnel that was only "moderate" in intensity. Furthermore, Dr. Bitar's limitations are inconsistent with the medical evidence record indicating that [Plaintiff's] balance and gait were normal. Therefore, I am not persuaded by the opinion of Dr. Bitar.

Tr. at 19 (citations omitted).

Once again, this explanation is adequate and supported by substantial evidence. Plaintiff points out that the evidence relied upon by the ALJ to find Plaintiff had unremarkable examination findings also showed "decreased sensation in a glove and stocking distribution." Pl.'s Mem. at 13 (citing Tr. at 476, 478, 484). The ALJ recognized, however, that Plaintiff had moderately

intensive carpal tunnel syndrome. Tr. at 19. Plaintiff also challenges the ALJ's observation that Dr. Bitar relied on the results of a nerve test for his opinion, arguing the doctor relied also on observation, treatment, physical examination, clinical testing, laboratory results, and his own experience and background. Pl.'s Mem. at 14. But the ALJ was right that when asked to "[i]dentify the clinical findings and objective signs," Dr. Bitar simply wrote, "Nerve test." Tr. at 935. Finally, Plaintiff argues the ALJ erred by assessing an RFC for manipulative limitations "based on his own interpretation of the record" since the ALJ found unpersuasive Dr. Bitar's opinion. Pl.'s Mem. at 14. But this is not entirely accurate: the ALJ relied in part on the non-examining state agency opinions; however, "given [Plaintiff's] bilateral carpal tunnel and decreased grip strength, [the ALJ found] that additional manipulative limitations [were] appropriate" and thus added them. Tr. at 18. On the whole, the ALJ's findings regarding Dr. Bitar's opinion, and the ultimate RFC assigned, are supported by substantial evidence. The ALJ did not reversibly err.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **AFFIRMING** the

Commissioner's final decision.

      2.      The Clerk is further directed to close the file.

      **DONE AND ORDERED** in Jacksonville, Florida on March 30, 2023.

                                            JAMES R. KLINDT
                                      United States Magistrate Judge

kaw
Copies:
Counsel of Record